UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MOHAMMAD HARAKE,

    Plaintiff,

v.                                                                      Case No: 8:19-cv-243-T-36CPT

TRACE STAFFING SOLUTIONS, LLC,

    Defendant.
_____/

# ORDER

Plaintiff Mohammad Harake ("Plaintiff") and Defendant Trace Staffing Solutions, LLC ("Defendant" or "Trace"), (together, the "Parties") agreed to settle this Action pursuant to the terms and conditions set forth in an executed Joint Stipulation of Class Settlement ("Settlement"). The Parties reached the Settlement through arm's-length negotiations after mediating with an experienced neutral mediator. Under the Settlement, and subject to Court approval, Plaintiff and the proposed Settlement Class would fully and finally resolve the claims alleged in this action.

The Settlement has been filed with the Court, and Plaintiff and Class Counsel filed Plaintiff's Unopposed Motion for Preliminary Approval of Settlement and Notice to Settlement Class ("Motion"). Doc. 43. Upon considering the Motion, the Settlement and all exhibits to it, the record in these proceedings, the representations and recommendations of counsel, and the requirements of law, the Court finds that: (1) this Court has jurisdiction over the subject matter and the Parties to this Action; (2) the proposed Settlement Class meets the requirements of Federal Rule of Civil Procedure 23 and should be certified for settlement purposes only; (3) the persons and entities identified below should be appointed Class Representative and Class Counsel; (4) the Settlement is the result of informed, good-faith, arm's-length negotiations between the Parties and

their capable and experienced counsel, and is not the result of collusion; (5) the Settlement is within the range of reasonableness and should be preliminarily approved; (6) the proposed Notice program and proposed forms of Notice satisfy Federal Rule of Civil Procedure 23 and constitutional due process requirements, and are reasonably calculated under the circumstances to apprise the Settlement Class of the pendency of the Action, class certification, the terms of the Settlement, Class Counsel's application for an award of attorneys' fees and expenses and request for a Service Award for Plaintiff, and their rights to opt-out of the Settlement Class or object to the Settlement; (7) good cause exists to schedule and conduct a Final Approval Hearing, pursuant to Federal Rule of Civil Procedure 23(e), to assist the Court in determining whether to grant Final Approval of the Settlement and enter the Final Approval Order, and whether to grant Class Counsel's fee application and request for a Service Award for Plaintiff; and (8) the other related matters pertinent to the Preliminary Approval of the Settlement should also be approved.

Based on the foregoing, **IT IS HEREBY ORDERED** as follows:

1. As used in this Preliminary Approval Order, unless otherwise noted, capitalized terms shall have the definitions and meanings accorded to them in the Motion and Settlement. The Court has jurisdiction over the subject matter and Parties to this proceeding pursuant to 28 U.S.C. §§ 1331, 1332. Jurisdiction is retained by this Court for matters arising out of the Settlement Agreement.

2. Venue is proper in this District.

<u>Provisional Class Certification and Appointment of Class Representative and Class Counsel</u>

3. It is well established that "[a] class may be certified 'solely for purposes of settlement [if] a settlement is reached before a litigated determination of the class certification issue.'" *Holman v. Student Loan Xpress, Inc.*, No. 8:08-cv-305-T-23MAP, 2009 WL 4015573, at

*2 (M.D. Fla. Nov. 19, 2009) (citing *Borcea v. Carnival Corp.*, 238 F.R.D. 664, 671 (S.D. Fla. 2006)); *see also MRI Assocs. of St. Pete, Inc. v. Direct Gen. Ins. Co.*, No. 8:12-cv-2408-36AEP, 2015 WL 1283823, at *2 (M.D. Fla. July 13 2015) ("The conditional certification of the Settlement Class and the Class Representative is solely for purposes of effectuating the Settlement."). In deciding whether to provisionally certify a settlement class, a court considers the same factors as in connection with a proposed litigation class. *Holman*, 2009 WL 4015573, at *2. The plaintiffs must establish that all Rule 23(a) factors and at least one subsection of Rule 23(b) are satisfied, although the Court need not consider the manageability of a potential trial, since the settlement, if approved, would obviate the need for a trial. *Id.*; *Amchem Products, Inc. v. Windsor*, 521 U.S. 591, 620 (1997); *see also MRI Assocs. of St. Pete, Inc.*, 2015 WL 1283823, at *2 (noting that the Court need not address manageability issues in certification of settlement class).

4. The Court finds, for settlement purposes, that the Federal Rule of Civil Procedure 23 factors are present and that certification of the proposed Settlement Class is appropriate under Rule 23. The Court therefore provisionally certifies the following Settlement Class:

> Background Check Class: All natural persons in the United State who: (1) were the subject of a consumer report that was procured by Trace Staffing (or caused to be procured by Trace Staffing) from Employment Screening Service for an employment purpose; (2) to whom Trace Staffing presented the disclosure form attached to Plaintiff's First Amended Class Action Complaint before procuring that report; (3) within two years of the filing of this lawsuit through the date the Class list is prepared.

5. Specifically, the Court finds, for settlement purposes and conditioned on final certification of the proposed class and on the entry of the Final Approval Order, that the Settlement Class satisfies the following factors of Federal Rule of Civil Procedure 23:

(a) <u>Numerosity</u>:   The proposed Settlement Class is comprised of approximately 8,700 individuals and is thus so numerous that joinder of all members is impracticable.  *See Strube v. American Equity Inv v. Life Ins. Co.,* 226 F.R.D. 688, 695 (M.D. Fla. 2005).

(b) <u>Commonality</u>:   "[C]ommonality requires the plaintiff to demonstrate that the class members 'have suffered the same injury,'" and the plaintiff's common contention "must be of such a nature that it is capable of classwide resolution—which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke. *Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541, 2551 (2011) (citation omitted).  Here, there appear to be questions of law or fact common to the Settlement Class for purposes of determining whether this Settlement should be approved.

(c) <u>Typicality</u>:  Plaintiff's claims appear to be typical of the claims being resolved through the proposed settlement as to the Settlement Class.  *See Kornberg v. Carnival Cruise Lines, Inc.*, 741 F.2d 1332, 1337 (11th Cir. 1984) (typicality satisfied where claims "arise from the same event or pattern or practice and are based on the same legal theory"); *Murray v. Auslander*, 244 F.3d 807, 811 (11th Cir. 2001) (named plaintiffs are typical of the class where they "possess the same interest and suffer the same injury as the class members").

(d) <u>Adequacy</u>:  Adequacy relates to: (1) whether the proposed class representatives have interests antagonistic to the class; and (2) whether the proposed class counsel has the competence to undertake the litigation at issue. *See Fabricant v. Sears Roebuck*, 202 F.R.D. 310, 314 (S.D. Fla. 2001).   Here, Plaintiff appears to be capable of fairly and adequately protecting the interests of all Settlement Class Members in connection with the proposed settlement.

(e) <u>Predominance and Superiority</u>: With respect to predominance, Rule 23(b)(3) requires that "[c]ommon issues of fact and law . . . ha[ve] a direct impact on every class member's effort to establish liability that is more substantial than the impact of individualized issues in resolving the claim or claims of each class member." *Sacred Heart Health Sys., Inc. v. Humana Military Healthcare Servs., Inc.*, 601 F.3d 1159, 1170 (11th Cir. 2010) (internal quotation marks omitted). Here, common questions of law and fact appear to predominate over questions affecting only individual persons in the Settlement Class. Accordingly, the Settlement Class is sufficiently cohesive to warrant settlement by representation. Likewise, certification of the Settlement Class appears superior to other available methods for the fair and efficient resolution of the claims of the Settlement Class.

6. <u>Class Counsel</u>: Based on the considerations in Rule 23(g), the Court appoints Brandon J. Hill, Luis A. Cabassa, and Matthew K. Fenton, of Wenzel Fenton Cabassa, P.A. as Class Counsel for the Settlement Class.

7. <u>Standing</u>: Based on the findings above, the court appoints Plaintiff Mohammed Harake as Class Representative for the Settlement Class members and determines that he has Article III standing.

8. <u>Initial Motion for Attorney Fees and Expenses</u>: Class counsel's request for one-third of the common fund as a fee appears to be reasonable at this preliminary stage and in line with *Camden I Condominium Assoc., Inc. v. Dunkle*, 946 F.2d 768, 770 (11th Cir.1991); *see also Waters v. Int'l Precious Metals Corp.*, 190 F.3d 1291, 1295–96 (11th Cir. 1999). Pursuant to Rule 23(h), Class Counsel is directed to file a motion for attorney fees and expenses at least twenty-one (21) days prior to the final fairness hearing.

9. <u>Opt-Outs and Objections</u>: Class Members shall have the right to either opt-out or object to this settlement pursuant to the procedures and schedule included in the Settlement Agreement.

## Preliminary Approval of the Settlement

10. At the preliminary approval stage, the Court's task is to evaluate whether the Settlement is within the "range of reasonableness." 4 *Newberg on Class Actions* § 11.26. "Preliminary approval is appropriate where the proposed settlement is the result of the parties' good faith negotiations, there are no obvious deficiencies and the settlement falls within the range of reason." *Smith v. Wm. Wrigley Jr. Co.*, 2010 WL 2401149, at *2 (S.D. Fla. Jun. 15, 2010). Settlement negotiations that involve arm's length, informed bargaining with the aid of experienced counsel support a preliminary finding of fairness. *See Manual for Complex Litigation,* Third, § 30.42 (West 1995) ("A presumption of fairness, adequacy, and reasonableness may attach to a class settlement reached in arm's-length negotiations between experienced, capable counsel after meaningful discovery.") (internal quotation marks omitted).

11. The Court preliminarily approves the Settlement, together with its exhibits, as fair, reasonable, and adequate. The Court finds that the Settlement was reached in the absence of collusion, is the product of informed, good-faith, arm's-length negotiations between the Parties and their capable and experienced counsel. The Court further finds that the Settlement, including the exhibits thereto, is within the range of reasonableness and possible judicial approval, such that: (a) a presumption of fairness is appropriate for the purposes of preliminary settlement approval; and (b) it is appropriate to effectuate notice to the Settlement Class, as set forth below and in the Settlement, and schedule a Final Approval Hearing to assist the Court in determining whether to grant Final Approval to the Settlement and enter a Final Approval

Order.

## Approval of Class Notice and the Claims Process

12. The Court approves the form and content of the Proposed Notice to Class attached as **Exhibit C** to the Motion. The Court further finds that the Class Notice program described in the Settlement is the best practicable under the circumstances. The Class Notice program is reasonably calculated under the circumstances to inform the Settlement Class of the pendency of the Action, certification of a Settlement Class, the terms of the Settlement, Class Counsel's attorney's fees application and the request for a service award for Plaintiff, and their rights to opt-out of the Settlement Class or object to the Settlement. The Proposed Notice to Class constitutes sufficient notice to all persons entitled to notice. The Proposed Notice to Class satisfies all applicable requirements of law, including, but not limited to, Federal Rule of Civil Procedure 23 and the Constitutional requirement of Due Process.

## Final Approval Hearing

13. A Final Approval Hearing is set for July 30, 2020 at 11:00 a.m. The Court sets the following schedule for the Final Approval Hearing and the actions which must take place before and after it:

| **Event** | **Date** |
|---|---|
| Deadline for Completion of Mailed Notice | May 21, 2020 |
| Deadline for filing Motion for Final Approval of the Settlement and Class Counsel's Fee Application and expenses, and for a service award | July 9, 2020 |
| Deadline for opting-out of the Settlement and for submission of Objections | June 22, 2020 |
| Deadline for Responses to Objections | July 16, 2020 |
| Final Approval Hearing | July 30, 2020 |

**DONE AND ORDERED** in Tampa, Florida on April 30, 2020.

Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of Record and Unrepresented Parties, if any